UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00077-TBR

GLORIA TASSY, *individually and on behalf of all similarly situated*,                    Plaintiff,

v.

LINDSAY ENTERTAINMENT
ENTERPRISES, INC.,                    Defendant.

**MEMORANDUM OPINION AND ORDER**

Gloria Tassy, individually and on behalf of all other similarly-situated persons, filed this action against Lindsay Entertainment Enterprises, Inc. in an effort to recover unpaid minimum wages required by the Fair Labor Standards Act of 1938. To that end, she asks the Court to conditionally certify a class of current and former professional dancers, to approve notice to advise putative class members of their rights under the FLSA, and to furnish them an opportunity to opt-in to this action. Lindsay Entertainment Enterprises opposes conditional certification and certain aspects of Tassy's proposed notice and distribution protocol. For the following reasons, Gloria Tassy's Motion for Conditional Certification, [R. 5], is **GRANTED IN PART** and **DENIED IN PART**.

**I.**

**A.**

Lindsay Entertainment Enterprises, Inc. operates The Godfather, a gentleman's club in Louisville, Kentucky. [R. 1 at 1, ¶¶ 1–2 (Complaint).] The Godfather employees a number people, including "wait staff, bartenders, security personnel and kitchen staff," to provide food, drink, and music to its patrons "in an adult setting." [R. 9-2 at 1, ¶ 2 (Lindsay's Declaration); *see also* R. 1 at 3, ¶¶ 27–28.] The "main attraction" at The

Godfather, though, remains its many "dancers," [R. 1 at 3, ¶ 29], among them Gloria "Mia" Tassy, [*id.* at 1, ¶¶ 1–3].

Tassy worked as a dancer at The Godfather from May 2014 to January 2016. [*Id.*] During that time, she says, Lindsay Entertainment Enterprises never paid her a "direct wage." [*Id.*, ¶ 5.] Instead, she and other dancers worked for tips, [*id.*, ¶ 6], less Lindsay Entertainment Enterprises' cut, [*id.* at 1, 4, ¶¶ 7, 35].

While Tassy considered herself to be an employee at The Godfather, [*see id.* at 2, ¶ 16], Lindsay Entertainment Enterprises classified her and other dancers as independent contractors, [*see* R. 9-2 at 1, ¶ 3]. According to Douglas "Scott" Lindsay, the President and Chief Executive Officer of Lindsay Entertainment Enterprises, [*id.*, ¶ 1], dancers "lease" space at The Godfather "to offer personal dances, entertainment and personal conversations to individual customers," [*id.*, ¶ 3]. In exchange for that access, dancers pay a fee to Lindsay Entertainment Enterprises. [*Id.*]

**B.**

Claiming an arrangement of that sort violates the Fair Labor Standards Act of 1938 (FLSA), ch. 676, § 6(a), 52 Stat. 1060, 1062–63 (codified as amended at 29 U.S.C. § 206(a)), Tassy filed this action against Lindsay Entertainment Enterprises seeking to recover unpaid minimum wages. She asks the Court to conditionally certify a class of current and former dancers who worked at The Godfather, to approve notice to advise putative class members of their rights under the FLSA, and to furnish them an opportunity to opt-in to this action pursuant to 29 U.S.C. § 216(b). [*See* R. 5 at 17–18 (Motion for Conditional Certification).] Lindsay Entertainment Enterprises opposes

2

conditional certification along with certain portions of Tassy's proposed notice and distribution protocol.[1] [*See* R. 31 at 3–12 (Response).]

## II.

The Fair Labor Standards Act of 1938 mandates that "employers pay a federally-established minimum wage, as well as overtime, to certain types of employees." *Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603, 605 (6th Cir. 2013) (citing 29 U.S.C. §§ 206(a), 207(a)). To enforce that mandate, the FLSA allows employees to sue on their own behalf and for all "similarly situated" persons too. 29 U.S.C. § 216(b). "Similarly situated" persons may "opt into" the suit, making it a "collective action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The FLSA does not define the term "similarly situated." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, —— U.S. ——, 136 S. Ct. 663 (2016). Courts in this Circuit, however, generally resort to a two-step process to determine whether employees are "similarly situated" for purposes of maintaining a collective action against their employer. *See White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012).

In the first stage, which takes place at the beginning of discovery, the Court must determine whether to conditionally certify the collective action and authorize the distribution of notice to putative class members. *See Comer*, 454 F.3d at 546–47; *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011). Conditional

---

[1] Earlier in this litigation, Lindsay Entertainment Enterprises, Inc. moved for an extension of time to respond to Gloria Tassy's motion for conditional certification and to file an answer to her complaint. [*See* R. 11 at 1–2 (Motion for Extension).] It sought an extension until the Court resolved its motion to stay proceedings and compel arbitration. [*Id.*] Having considered Lindsay Entertainment Enterprises' request, the Court will grant the motion in part. *See* Fed. R. Civ. P. 6(b). Lindsay Entertainment Enterprises' response to Tassy's motion for conditional certification shall be deemed timely filed, and its answer to Tassy's complaint must be filed no more than twenty-one days from entry of this order.

certification requires only a modest factual showing that the putative opt-plaintiffs are "similarly situated" to the named plaintiff. *See White*, 699 F.3d at 877. The second stage occurs "after 'all of the opt-in forms have been received and discovery has been concluded.'" *Comer*, 454 F.3d at 546 (quoting *Goldman v. RadioShack Corp.*, No. Civ.A. 2:03-CV-0032, 2003 WL 21250571, at *6 (E.D. Pa. Apr. 17, 2003)). In making its final-certification decision, the Court scrutinizes a number of factors, such as "the 'factual and employment settings of the individual[] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action.'" *O'Brien*, 575 F.3d at 584 (alterations in original) (quoting 7B Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1807, at 497 n.65 (3d ed. 2005)). Regardless of the stage, the lead plaintiff bears the burden of "showing that the opt-in plaintiffs are similarly situated." *Id.* (citing Wright *et al.*, *supra*, § 1807, at 476 n.21).

### III.

The instant action is at the first of those two stages. Tassy, on behalf of herself and other similar-situated persons, moves for conditional certification of the following class:

> [All] current and former Entertainers/Exotic Dancers who: (1) work(ed) for Defendant from February 2013 to the present; (2) worked for tips only; and (3) by virtue of Defendant's Tips Only Pay Policy, were not paid the wages required by federal law.

[R. 5 at 17–18.] In addition, she seeks judicial approval of attached notice and consent-to-join forms to apprise putative class members of their right to opt-in to this action. [*Id.* at 18; *see also* R. 5-1 at 1–4 (Proposed Notice); R. 5-3 at 1 (Consent-to-Join Form).] Lindsay Entertainment Enterprises opposes conditional certification along with certain

portions of Tassy's proposed notice and distribution protocol. [R. 31 at 3–12.] Having thoroughly reviewed the record and the parties' submissions, the Court holds that conditional certification is warranted and that judicially-supervised notice, albeit with some alterations, is appropriate too.

A.

On the first issue, Tassy has provided sufficient factual support to merit conditional certification of this FLSA collective action. In order to show that conditional certification is proper, all that Tassy must show at this stage is that her "position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). She has done so: Tassy has submitted a declaration stating that, as a dancer at The Godfather, she was never paid an actual wage—the basis of her FLSA claim. [R. 17-1 at 1, ¶¶ 7–8 (Tassy's Declaration).] Many more dancers at The Godfather were subject to the same remuneration policy too, Tassy says, [*id.* at 2, ¶¶ 12–15], and the opt-in declarations of at least three other dancers support that assertion, [*see* R. 4-1 at 1, ¶ 4–5 (Vincent's Consent to Join); R. 14-1 at 1 (McGrew's Consent to Join); R. 16-2 at 1 (Dunlap's Consent to Join)]. In short, Tassy has come forward with the modest factual showing necessary to satisfy the lenient standard governing conditional certification of collective actions under the FLSA.

Lindsay Entertainment Enterprises disagrees. It asks the Court to stay certification and notice of the collective action, arguing that Tassy is not similarly situated to other dancers since she supposedly signed an arbitration agreement. [*See* R. 31 at 3–5.] However, Lindsay Entertainment Enterprises presses that point too far. In the

5

main, the Court has found "a genuine dispute of material fact concerning whether Tassy manifested her assent to the Entertainment Lease and its arbitration provision." *Tassy v. Lindsay Entm't Enterprises, Inc.*, No. 3:16-CV-00077-TBR, 2016 WL 3748544, at *3 (W.D. Ky. July 8, 2016). If the Court should find that Tassy agreed to arbitrate the claim at issue, then Lindsay Entertainment Enterprises objection has some merit. *See Freeman v. Easy Mobile Labs, Inc.*, No. 1:16-CV-00018-GNS, 2016 WL 4479545, at *2 (W.D. Ky. Aug. 24, 2016). But its chance of success on that point is far from guaranteed.

Putting aside that question for the moment, it would be "inconsistent with [the] 'remedial purpose' of the FLSA to further limit the ability of putative members to join the collective action at this early stage." *Adams v. Nature's Expressions Landscaping Inc.*, No. 5:16-CV-00098-JMH, 2016 WL 6471455, at *3 (E.D. Ky. Nov. 1, 2016). Because The Godfather's alleged "tips-only" remuneration policy has been in existence since at least 2013, it is possible that the claims of some putative class members might be time-barred already. *See* 29 U.S.C. § 255(a)–(b) (establishing two-year limitations period for non-willful violations and three-year limitations period for willful violations); *id.* § 256(b) (providing that claim commences when opt-in notice is filed). Therefore, the Court declines Lindsay Entertainment Enterprises' invitation to stay conditional certification of this collective action.

**B.**

Anticipating the Court might conclude, as it has, that conditional certification is appropriate, Lindsay Entertainment Enterprises objects to ten portions of Tassy's proposed notice to potential class members. [*See* R. 31 at 6–12.] The Court will address those objections in turn. Ultimately, it finds merit in six.

6

### 1.

First, Lindsay Entertainment Enterprises takes issue with the scope of the class as defined in the notice. [*Id.* at 6–7 (citing R. 5-1 at 2).] In the main, the class definition includes not only dancers who were not paid a minimum wage, but also any dancer who was "required to pay [Lindsay Entertainment Enterprises] part or all of [the dancer's] tips earned." [R. 5-1 at 2.] The latter part of that definition is overbroad, or so Lindsay Entertainment Enterprises argues, because the pooling of tips does not, absent something more, violate the FLSA. [R. 31 at 6–7.]

Lindsay Entertainment Enterprises is right. It is unclear if Tassy meant to define the proposed class as broadly as the proposed notice does, insofar as the language in the notice differs from that in her motion for conditional certification and proposed order. [*Compare* R. 5-1 at 2, *with* R. 5 at 17–18, *and* R. 5-5 at 1, ¶ 2 (Proposed Order).] Regardless, the definition in the proposed notice is too broad since tip-pooling does not violate the FLSA. *See Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 303 (6th Cir. 1998); *accord Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 447–48 (4th Cir. 2015). The class definition in the notice shall be amended to make that conclusion clear.

### 2.

Second, Lindsay Entertainment Enterprises asks the Court to strike the phrase "Defendant's Tip Only Pay Policy" from the notice and replace it with the phrase "worked for tips only." [R. 31 at 7.] The original phrase is misleading, Lindsay Entertainment Enterprises argues, because it implies the existence of some formal written policy. [*Id.*] It does not appear as though Tassy addressed that objection in her papers.

7

[*See* R. 32 at 1–9.] The Court expresses no opinion regarding the existence (or nonexistence) of a formal written policy. That notwithstanding, nothing about Lindsay Entertainment Enterprises' suggested modification seems improper. The notice shall be amended accordingly.

### 3.

Third, Lindsay Entertainment Enterprises objects to that portion of the proposed notice which instructs putative class members to return opt-in forms to Tassy's counsel (or an attorney of their own choosing) instead of to the Court directly. [R. 31 at 7 (citing R. 5-1 at 2–3).] However, nothing about that notice procedure is unusual. *See Watson v. Advanced Distribution Servs., LLC*, 298 F.R.D. 558, 565 (M.D. Tenn. 2014); *Bassett v. Tenn. Valley Auth.*, No. 5:09-CV-39, 2010 WL 3092251, at *3–4 (W.D. Ky. Aug. 5, 2010). Therefore, the Court finds Lindsay Entertainment Enterprises' objection unpersuasive.

### 4.

Fourth, Lindsay Entertainment Enterprises argues that a sixty-day opt-in period is too long, suggesting a period of forty-five days instead. [R. 31 at 7–8 (citing R. 5 at 18).] The Court disagrees. A sixty-day notice-period is necessary to provide each possible class member with the opportunity to make an informed decision about whether to opt-in to this collective action. *See Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1075–76 (S.D. Ohio 2016) (collecting cases approving of ninety-day notice periods); *In re Wells Fargo Wage & Hour Emp't Practices Litig. (No. III)*, No. H-11-2266, 2013 WL 2180014, at *2 (S.D. Tex. May 17, 2013) (approving one-hundred and twenty day notice period). A notice period of that length will not needlessly delay the resolution of this

litigation.  The Court declines to adopt Lindsay Entertainment Enterprises' alternative proposal.

**5.**

In addition, Lindsay Entertainment Enterprises takes issues with the breadth of those persons to whom notice is due.  [R. 31 at 8–9 (citing R. 5-1 at 2).]  It argues that the proposed notice should be limited to those similarly-situated employees who have worked for Lindsay Entertainment Enterprises within three years of the date of the collective action notice since any claim beyond that is time-barred.[2]  [*Id.*]  To be sure, Lindsay Entertainment Enterprises position is not without some support.  *See Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 370 (D. Me. 2010).  However, the Court finds that the most prudent approach is to afford notice to a broader range of possible class members so that the Court may, as appropriate, entertain subsequent motions for equitable tolling.  *See Fenley*, 170 F. Supp. 3d at 1078; *see also Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (instructing district courts to evaluate equitable tolling on a "case-by-case" basis).  Accordingly, the Court rejects Lindsay Entertainment Enterprises' modification.

---

[2] Under the FLSA, any action

> to enforce any cause of action for unpaid minimum wages . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless *commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.*

29 U.S.C. § 255(a) (emphasis added).  In other words, an employee "may recover for unpaid wages for up to [two] years"—or, if the employer's "violation of the [FLSA] is found to be willful," for up to three years—immediately "prior to the filing of the action."  *Gandy v. Sullivan Cty.*, 24 F.3d 861, 863 (6th Cir. 1994) (citing 29 U.S.C. § 255(a); *Anderson v. City of Bristol*, 6 F.3d 1168, 1174 (6th Cir. 1993); *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 842 (3d Cir. 1992))).  For purposes of the statute of limitations, "the filing of the written consent 'commences' an FLSA collective action" for that particular claimant.  *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 675 (6th Cir. 2012) (citing 29 U.S.C. § 256).

**6.**

Sixth, Lindsay Entertainment Enterprises claims that sending a "reminder notice" fourteen days prior to the close of the approved notice-period is improper. [R. 31 at 9 (citing R. 5 at 15, 18).] Its objection is well-taken. In facilitating notice, the Court should avoid "communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 168–69 (1989). Duplicative notice poses a risk of suggesting both of those things. Consequently, the Court finds a fourteen-day reminder notice to be unnecessary. *See Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010).

**7.**

Seventh, Lindsay Entertainment Enterprises argues that Tassy has not demonstrated sufficient cause to require that notice be posted at its places of business. [R. 31 at 9–10.] The Court agrees. "In FLSA cases, first-class mail is generally considered to be the 'best notice practicable' to ensure that proper notice is received by potential class members." *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011) (citing *Hintergerger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 WL 3464134, at *1 (W.D.N.Y. Oct. 21, 2009)). There is no evidence that notice via first-class mail would be inadequate. Therefore, the Court does not find alternative methods of notice to be warranted at this time.

**8.**

Eighth, Lindsay Entertainment Enterprises opposes Tassy's request to prohibit either party from communicating with putative class members about this litigation. [R. 31 at 10–11 (citing R. 5 at 16–18).] Because of the potential for abuse, this Court "has

both the duty and the broad authority to exercise control over a [collective] action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). An order restricting communications, however, must be based on "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101. Here, there is no record of improper communication on the part of Lindsay Entertainment Enterprises. Judicial intervention is, therefore, inappropriate at this time.

9.

Ninth, Lindsay Entertainment Enterprises objects to providing Tassy the job titles, personal e-mail addresses, telephone numbers, and dates of birth of putative class members. [R. 31 at 11–12 (citing R. 5 at 17).] Having limited the distribution of notice to first-class mail, there is little justification to require Lindsay Entertainment Enterprises to produce potential class members' e-mail addresses. *See Young v. Hobbs Trucking Co., Inc.*, No. 3:15-CV-991, 2016 WL 3079027, at *3 (M.D. Tenn. June 1, 2016). The production of putative class members' job titles, telephone numbers, and dates of birth, however, is appropriate. *See Ross v. Jack Rabbit Servs., LLC*, No. 3:14-CV-00044-TBR, 2014 WL 2219236, at *4 (W.D. Ky. May 29, 2014) (collecting cases). Although Lindsay Entertainment Enterprises need not provide personal e-mail addresses, it must turn over putative class members' job titles, telephone numbers, and dates of birth within fourteen days of entry of this opinion.

10.

Lastly, Lindsay Entertainment Enterprises proposes amending the proffered notice to warn putative class members about potential liability for litigation costs should

11

Lindsay Entertainment Enterprises prevail. [R. 31 at 12.] Warnings of that sort appear to be regularly endorsed in this Circuit. *See, e.g.*, *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *5–6 (S.D. Ohio Feb. 26, 2015); *Knispel v. Chrysler Grp. LLC*, No. 11-11886, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012); *Bailey v. Youth Vills., Inc.*, No. 07-1089, 2008 WL 2987201, at *3 (W.D. Tenn. July 30, 2008). Such an admonition allows potential class members to make an informed decision about whether to opt-in to the collective action. Therefore, the notice should be revised to include language to that effect.

### IV.

**IT IS HEREBY ORDERED** that Lindsay Entertainment Enterprises, Inc.'s Motion for Extension, [R. 11], is **GRANTED IN PART** and **DENIED IN PART**. Lindsay Entertainment Enterprises, Inc.'s Response to Gloria Tassy's Motion for Conditional Certification, [R. 31], is **DEMED** timely filed. Lindsay Entertainment Enterprises, Inc. **SHALL** file an answer to Gloria Tassy's complaint **no more than twenty-one days from the entry of this order**.

**IT IS FURTHER ORDERED** that Gloria Tassy's Motion for Conditional Certification, [R. 5], is **GRANTED IN PART** and **DENIED IN PART**. The proposed collective FLSA class is **CONDITIONALLY CERTIFIED** as:

> All current and former Entertainers/Exotic Dancers who worked for Lindsay Entertainment Enterprises, Inc., d/b/a The Godfather, from February 10, 2013 to the present who were classified as independent contractors, worked for tips only, and, as a result, were not paid the wage required by federal law.

**IT IS FURTHER ORDERED** that, **no more than fourteen days from the entry of this order**, Lindsay Entertainment Enterprises, Inc. **SHALL** produce to counsel for Gloria Tassy a list, in an electronic readable format, containing the full names, job

titles, last known addresses, telephone numbers, dates of birth, and dates of employment for all putative class members.

      **IT IS FURTHER ORDERED** that, **no more than fourteen days from the entry of this order**, the parties **SHALL** confer and file with the Court an agreed-upon notice and consent-to-join form consistent with this opinion.

      **IT IS FURTHER ORDERED** that, after approval by the Court, counsel for Gloria Tassy **SHALL** send via first-class mail the agreed-upon notice and consent-to-join form to all persons whose names appear on the list produced by Lindsay Entertainment Enterprises, Inc.

      **IT IS FURTHER ORDERED** that all persons whose names appear on the list produced by Lindsay Entertainment Enterprises, Inc. **SHALL** be allowed sixty days from the date notice is sent to file consent-to-join forms with the Clerk of the Court.

      **IT IS SO ORDERED.**

Date:

cc:    Counsel of Record