UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00077-TBR

GLORIA TASSY, *individually and on
behalf of all similarly situated*,                                      PLAINTIFF,

v.

LINDSAY ENTERTAINMENT
ENTERPRISES, INC.,                                                      DEFENDANT.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Plaintiff Gloria Tassy, individually and

on behalf of all other similarly-situated persons, to compel discovery. [DN 47.] Defendant

Lindsay Entertainment Enterprises, Inc. responded, [DN 50], and Plaintiff replied, [DN 52.] For

the reasons discussed in detail below, Plaintiff's motion is **GRANTED IN PART AND**

**DENIED IN PART**. Additionally, the parties **SHALL** advise the Court, by **Friday, April 13,**

**2018** whether any additional discovery is requested in light of the upcoming evidentiary hearing.

FACTUAL AND PROCEDURAL BACKGROUND

Gloria Tassy, individually and on behalf of all other similarly-situated persons, filed this

action against Lindsay Entertainment Enterprises, Inc. in an effort to recover unpaid minimum

wages required by the Fair Labor Standards Act of 1938. Lindsay Entertainment Enterprises, Inc.

operates The Godfather, a gentleman's club in Louisville, Kentucky. R. 1 at 1, ¶¶ 1–2

(Complaint). The Godfather employees a number people, including "wait staff, bartenders,

security personnel and kitchen staff," to provide food, drink, and music to its patrons "in an adult

setting." R. 9-2 at 1, ¶ 2 (Lindsay's Declaration); see also R. 1 at 3, ¶¶ 27–28. The "main

attraction" at The Godfather, though, remains its many "dancers," R. 1 at 3, ¶ 29, among them

Gloria "Mia" Tassy, *id.* at 1, ¶¶ 1–3.

Tassy worked as a dancer at The Godfather from May 2014 to January 2016. *Id.* During

that time, she says, Lindsay Entertainment Enterprises never paid her a "direct wage." *Id.*, ¶ 5.

Instead, she and other dancers worked for tips, *id.*, ¶ 6, less Lindsay Entertainment Enterprises'

cut, *id.* at 1, 4, ¶¶ 7, 35.

While Tassy considered herself to be an employee at The Godfather, *see id.* at 2, ¶ 16,

Lindsay Entertainment Enterprises classified her and other dancers as independent contractors,

*see* R. 9-2 at 1, ¶ 3. According to Douglas "Scott" Lindsay, the President and Chief Executive

Officer of Lindsay Entertainment Enterprises, *id.*, ¶ 1, dancers "lease" space at The Godfather

"to offer personal dances, entertainment and personal conversations to individual customers," *id.*,

¶ 3. In exchange for that access, dancers pay a fee to Lindsay Entertainment Enterprises. *Id.*

Lindsay Entertainment Enterprises requires, without exception, all dancers to sign

a preprinted Entertainment Lease to that effect. See id. at 2, ¶ 4. The Entertainment Lease

includes, in pertinent part, the following provision:

> **EXCEPT FOR ANY ADMINISTRATIVE PROCEEDINGS THAT ARE NOT LEGALLY BARRED BY THIS PARAGRAPH, ANY CONTROVERSY, DISPUTE, OR CLAIM ARISING OUT OF THIS LEASE OR RELATING IN ANY WAY TO ENTERTAINER PERFORMING AND/OR WORKING AT THE CLUB AT ANY TIME (IN THIS PARAGRAPH 21, COLLECTIVELY "CLAIM"), WHETHER CONTRACTUAL, IN TORT, OR BASED UPON COMMON LAW OR STATUTE, SHALL BE EXCLUSIVELY DECIDED BY <u>BINDING ARBITRATION</u> HELD PURSUANT TO THE FEDERAL ARBITRATION ACT (THE "F.A.A."). . . . <u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY</u>. . . .**
>
> **ENTERTAINER AND THE CLUB AGREE THAT ANY AND ALL CLAIMS SHALL BE BROUGHT AND MAINTAINED INDIVIDUALLY; THAT THEY WILL NOT CONSOLIDATE THEIR CLAIMS WITH THOSE OF ANY OTHER PERSON OR ENTITY, THAT THEY WILL NOT SEEK CLASS OR COLLECTIVE ACTION TREATMENT FOR ANY CLAIM; AND THAT THEY WILL NOT PARTICIPATE IN ANY CLASS OR COLLECTIVE ACTION AGAINST THE OTHER.**

*Id.* at 7, ¶ 21.A–B (Entertainment Lease). "If [a dancer] does not want to agree" to the Entertainment Lease, Scott Lindsay says, "she is free to do so, but she is not allowed to provide personal entertainment at [The Godfather]." *Id.* at 2, ¶ 5; *see also* R. 13-1 at 1–2, ¶ 3 (Sloss's Declaration).

Lindsay brought a motion to stay the proceedings pending arbitration pursuant to the parties' written agreement and the Federal Arbitration Act (FAA), 9 U.S.C. § 3. [DN 9.] The Court determined, however, that it is unclear whether Tassy signed a copy of the Entertainment Lease during her time at The Godfather. Scott Lindsay and Tammy Sloss, a waitress (and former dancer), claim to have witnessed her sign the Entertainment Lease, *see* R. 9-2 at 2, ¶ 5; R. 13-1 at 1-2, ¶¶ 1–2, 5, but Tassy has denied ever seeing or receiving a copy of the Entertainment Lease prior to bringing this action, *see* R. 17-1 at 3, ¶¶ 22–24 (Tassy's Declaration). Lindsay Entertainment Enterprises concedes its inability to produce an executed copy. *See* R. 13 at 4 (Reply in Support of Motion for Stay Pending Arbitration).

Therefore, in an opinion issued July 8, 2016, the Court held that "Viewing the sparse record in the light most favorable to Tassy, the Court finds a genuine dispute of material fact concerning whether Tassy manifested her assent to the Entertainment Lease and its arbitration provision. Accordingly, the Court must conduct an evidentiary hearing before resolving Lindsay Entertainment Enterprises' motion." [DN 24 at 6 (July 8, 2016 Memorandum Opinion and Order).]

Bearing in mind statute of limitations issues, however, on March 9, 2017, the Court proceeded to grant in part and deny in part Tassy's motion for conditional certification, [DN 5.] Specifically, the Court held that the proposed collective FLSA class is **CONDITIONALLY CERTIFIED** as:

All current and former Entertainers/Exotic Dancers who worked for Lindsay Entertainment Enterprises, Inc., d/b/a The Godfather, from February 10, 2013 to the present who were classified as independent contractors, worked for tips only, and, as a result, were not paid the wage required by federal law.

The Court additionally ordered that, "**no more than fourteen days from the entry of this order,** Lindsay Entertainment Enterprises, Inc. **SHALL** produce to counsel for Gloria Tassy a list, in an electronic readable format, containing the full names, job titles, last known addresses, telephone numbers, dates of birth, and dates of employment for all putative class members." [DN 33 at 13.]

On March 31, 2017, the Court denied with leave to refile Lindsay's motion to stay pending arbitration. [DN 39.] Lindsay then filed an interlocutory appeal both of the Court's grant of conditional certification and of the Court's denial of its motion to stay pending arbitration. [DN 36; DN 40.] The Court stayed all proceedings pending the Sixth Circuit's resolution of Lindsay's appeals. [DN 44.]

In an opinion issued on February 22, 2018, the Sixth Circuit held that this Court erred when it failed to "'summarily' determine whether the parties had agreed to arbitrate." *Tassy v. Lindsay Entertainment Enterprises, Inc.*, No. 17-5338/17-5375 (6th Cir. Feb. 22, 2018). Accordingly, the Sixth Circuit vacated this Court's Order denying Lindsay's motion to stay pending arbitration and remanded with instructions for the Court to "promptly determine whether the parties agreed to arbitrate." *Id.* at *2. The Sixth Circuit dismissed Lindsay's appeal as to the conditional certification, however, explaining that "[w]e do not have jurisdiction to consider the district court's grant of conditional certification under the FLSA." *Id.* at *1 n.1.

Now, Tassy moves to compel Lindsay to produce the "list . . . containing the full names, job titles, last known addresses, telephone numbers, dates of birth, and dates of employment for all putative class members," which the Court previously ordered Lindsay to produce at the

conclusion of its Order conditionally certifying Tassy's proposed class. [DN 47 (Motion to Compel).] Tassy also seeks sanctions, alleging that Lindsay unlawfully failed to produce that information as the Court initially directed it to. [*Id.* at 2.]

DISCUSSION

In response to Tassy's motion to compel, Lindsay contends that the Sixth Circuit's remand to this Court with instructions to promptly hold an evidentiary hearing means that "whether Plaintiff signed the arbitration agreement [i]s a threshold issue that must be decided first *before* the case can move forward with conditional certification and discovery." [DN 50 at 2 (emphasis added).] Lindsay also asserts it should be awarded its attorney's fees "for having to respond to [Tassy's] frivolous motion." [*Id.* at 3.] According to Lindsay, "[d]espite the Sixth Circuit's opinion directing this Court to expeditiously hold a hearing and determine whether this matter should be arbitrated, Plaintiff seeks to bypass this threshold issue and proceed with litigating the case." [*Id.* at 4.]

In response, however, Tassy contends that the information she seeks is necessary to the Court's determination of the threshold issue of whether Tassy signed a copy of the Entertainment Lease. [DN 52 at 4.] Specifically, Tassy argues that

> [a]ny dancer who was working for Defendant (1) at the location where the Plaintiffs worked and (2) on the date(s) Ms. Tassy, Ms. Dunlap, Ms. Goldsmith, Ms. Higgins, and/or Ms. McGrew allegedly executed an "Entertainment Lease" are fact witnesses who can confirm for this Court whether or not Defendant has been truthful about whether an agreement to arbitrate exists at all, or whether Defendant concocted the claim after initiation of this litigation to prevent notice to its employees of their right to be paid a fair wage. The testimony of these women is both relevant under the Federal Rules, and likely determinative of the issue presently before the Court.

[*Id.*] The Court agrees. Contrary to Lindsay's argument, Tassy does not seek this information at this time to "proceed with litigating the case," [DN 50 at 4], rather, she seeks it to identify

potential evidence and witnesses to help prove the lack of agreements to arbitrate at the evidentiary hearing. The Court agrees that Tassy is entitled to limited discovery for this purpose.

The Court is mindful of the Sixth Circuit's directive to "promptly determine whether the parties agreed to arbitrate," *Tassy*, No. 17-5338/17-5375, at *2, and the Court plans to schedule an evidentiary hearing as soon as is practicable. However, the Court agrees with Tassy that she is entitled to conduct limited discovery into possible fact witnesses to call at that evidentiary hearing.

Allowing parties to conduct limited discovery prior to holding an evidentiary hearing, and for the purpose of determining the validity of arbitration agreements, is an accepted practice. *See, e.g.*, *Michigan State Chamber of Commerce v. Austin*, 788 F.2d 1178, 1180 (6th Cir. 1986) ("After limited discovery the district court held a hearing on both pending motions."); *MetLife Sec., Inc. v. Holt*, 215 F. Supp. 3d 599, 602 (E.D. Tenn. 2016) ("After exchanging these e-mails, MetLife renewed its motion to compel arbitration, prompting the state court to allow discovery on whether all four arbitration provisions are unenforceable contracts of adhesion . . . The state court reserved ruling on this issue until it could conduct an evidentiary hearing . . . and the parties proceeded to conduct some discovery, which included depositions, interrogatories, and requests for production."); *Francis v. Nami Res. Co., LLC*, No. CIV.A. 04-510, 2007 WL 3046061, at *4 (E.D. Ky. Oct. 16, 2007) ("It also argues that Francis challenged the validity of the 2000 agreements which contained the arbitration clause, thus requiring discovery on this issue."); *PCH Mut. Ins. Co. v. Cas. & Sur., Inc.*, 569 F. Supp. 2d 67, 78 (D.D.C. 2008) ("Here, the Federal Arbitration Act requires that the Court resolve the threshold issue of whether the parties agreed to mandatory arbitration before the litigation of this matter can continue. As such, the Court . . . shall stay discovery related to the merits of this litigation pending a resolution of

the threshold arbitrability issue. The parties may, however, conduct discovery related to the issue of arbitrability, if such discovery is appropriate in proceeding to [determination] of the issue.").

On the other hand, however, the Court agrees with Lindsay that discovery on the merits of this case is improper at this time, as is proceeding to litigating the merits of Plaintiff's claims. Rather, discovery shall be limited to only the information necessary to prepare for the upcoming evidentiary hearing regarding whether there exists a valid agreement to arbitrate.

Finally, the Court will deny Tassy's request for Rule 37 sanctions. Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may impose sanctions "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Here, the Court initially ordered Lindsay to produce the list of putative class members by March 23, 2017, fourteen days after the entry of the Court's March 9, 2017 Order. [DN 33 at 12–13.] Instead, Lindsay filed a Notice of Appeal on March 23, 2017. [DN 26.] Thereafter, the Court granted Lindsay's motion to stay all proceedings pending the Sixth Circuit's resolution of its appeal. [DN 44.] Due to the timing of Lindsay's appeal and the stay of the proceedings, the Court does not find that Lindsay "fail[ed] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Accordingly, Tassy's request for sanctions is denied. Similarly, the Court will deny Lindsay's request for attorney's fees "for having to respond to [Tassy's] frivolous motion." [DN 50 at 3.] Because the Court is granting Tassy's motion to compel, it is not frivolous and therefore Lindsay is not entitled to fees.

## CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** as follows:

(1) Tassy's motion to compel, [DN 47], is **GRANTED IN PART AND DENIED IN PART**. With respect to Tassy's request that the Court compel production of the list of

putative class members, her motion is granted. With respect to her request for sanctions, her motion is denied.

(2) Lindsay must provide to Tassy, **within fourteen (14) days of the entry of this Order**, a list, in an electronic readable format, containing the full names, job titles, last known addresses, telephone numbers, dates of birth, and dates of employment for all putative class members.

(3) By **Friday, April 13, 2018,** the parties shall advise the Court of whether they believe any additional discovery, in addition to the above-described list, will be necessary in preparation for the evidentiary hearing. Thereafter, the Court will hold a call with the parties to schedule the evidentiary hearing as promptly as possible.

(4) At this time, the stay of this matter is lifted only insofar as necessary for the parties to conduct limited discovery in anticipation of the upcoming evidentiary hearing.

(5) The text order at Docket Number 53 [DN 53] remains in effect. The Court will hold a telephonic conference on **April 18, 2018 at 11:30 a.m. Central Time**. The Court intends to set a date for an evidentiary hearing at that time.

**IT IS SO ORDERED**.

Date:

cc:      Counsel