UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GLORIA TASSY                                                                                               Plaintiff

v.                                                                                    Civil Action No. 3:16-cv-77-RGJ

LINDSAY ENTERTAINMENT                                                                                 Defendant
ENTERPRISES, INC.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Gloria Tassy ("Tassy") and all similarly situated plaintiffs, ("the Plaintiffs") move to amend the complaint. [DE 145]. Lindsay Entertainment Enterprises, Inc. ("Lindsay Entertainment" or "Defendant") responded, [DE 147] and the Plaintiffs replied. [DE 149]. For the reasons below, the Court **DENIES** the Plaintiffs' Motion to Amend. [DE 145].

**I.     BACKGROUND**

On February 10, 2016, Tassy sued Lindsay Entertainment pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). [DE 1 at 1]. Tassy alleged that Defendant violated 29 U.S.C. § 203 and failed to pay Tassy a minimum wage pursuant to 29 U.S.C. § 206. [*Id*. at 2–3]. On March 3, 2016, Douglas Lindsay, the owner of Lindsay Entertainment, incorporated a new entity, Godfather Entertainment, Inc. D/B/A The Godfather Bourbon & Burlesque ("Godfather Entertainment"), without notifying Tassy or this Court. [DE 145 at 998; DE 147 at 1028]. On March 28, 2017, the Court granted Tassy's motion for conditional class certification so this action could proceed collectively on behalf of all Plaintiffs. [DE 38]. A total of six additional dancers joined Tassy's class. [DE 121-2 at 757]. The parties reached a $228,000 settlement and the Court entered a Joint Consent Judgment against Lindsay Entertainment on September 6, 2022. [DE 144].

1

The Plaintiffs now move to amend the original complaint to add "Godfather Entertainment" after being unable to recover from Lindsay. [DE 145].

## II.    STANDARD

Rule (15)(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While Fed. R. Civ. P. 15 "embodies a liberal amendment policy," it is well-established that, once judgment has been entered, the moving party must first seek relief under Rules 59 or 60. *See Pond v. Haas*, 674 F. App'x 466, 472 (6th Cir. 2016). The Sixth Circuit has held that "following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside, or vacate the judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure . . . Where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). *See also Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued.'")).

## III.    ANALYSIS

The Plaintiffs move to amend the Complaint under Rule 15(b)(2) to add Godfather Entertainment as a party. Tassy argues that Godfather Entertainment was created to avoid paying judgment in this matter and that justice requires the addition of Godfather Entertainment as a party. [DE 145 at 999]. The Plaintiffs further argue that Godfather Entertainment is the successor in interest of Lindsay Entertainment and as such is liable for their judgments. [*Id*. at 998].

Fed. R. Civ. P. 15(b)(2) states that "[a] party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." According to the Plaintiffs, Fed. R. Civ. P. 15 holds that a party's failure to amend their complaint during litigation does not affect the result of the trial of that issue. [DE 145 at 999]. But, Fed. R. Civ. P. 15 (b)(2) explicitly applies to issues tried by consent, which does not apply to the issue at hand. Godfather Entertainment's potential liability and relationship with Lindsey Entertainment was not raised until after the final judgment and as such could not have been tried at all, let alone tried by actual or implicit consent. *See generally Yellow Freight Sys., Inc. v. Martin*, 954 F.2d 353, 358 (6th Cir. 1992). Since this is not an issue tried by consent, Fed. R. Civ. P. 15(b)(2) does not apply.

The Plaintiffs argue in the alternative that the Motion to Amend should be granted under Rule 15(d), which states that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." [DE 145 at 1000]. The Plaintiffs argue that the Court is permitted to address Fed. R. Civ. P. 15(d) motions even after entry of a judgment in certain circumstances. [*Id.*]. However, it is well-established in the Sixth Circuit that once a judgment has been entered, the moving party must first seek relief under Fed. R. Civ. P. 59 or 60 before moving to amend under Fed. R. Civ. P. 15. *Pond*, 674 F. App'x at 472. In fact, the case the Plaintiffs cite in support of the Fed. R. Civ. P. 15(d) motion addresses a Fed. R. Civ. P. 60(b)(2) motion to vacate, not a Fed. R. Civ. P. 15 motion to amend. *Cole v. Harris*, 2012 WL 5830524, at *5 (N.D. Ohio Nov. 16, 2012). Moreover, "in the post-judgment context," the court must "take into consideration the competing interest of protecting the 'finality of judgments and the expeditious termination of litigation.'" *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005)

3

(quoting *Morse,* 290 F.3d at 800)). The Court cannot amend a complaint under Fed. R. Civ. P. 15 unless the judgment has first been altered or vacated under Fed. R. Civ. P. 59 or 60. The Plaintiffs' motion to amend is **DENIED**.

The Plaintiffs do not explicitly argue that this court should vacate or otherwise alter the judgment under Rule 59 or 60, though they do make several arguments related to the grounds for relief from judgment laid out in those rules. Specifically, the Plaintiffs allege that the creation of Godfather Entertainment was no more than a fraud to avoid liability, and the evidence of this fraud and Godfather Entertainment's creation was not discovered until after trial. [DE 145 at 999]. Despite this, it is not possible for the Plaintiffs to prevail under Fed. R. Civ. P. 59 or 60. Both Fed. R. Civ. P. 59 and 60 have strict deadlines for timely filing. Under Fed. R. Civ. P. 59 "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," whereas a motion under Fed. R. Civ. P. 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The Plaintiffs' motion was filed too late to survive under either rule. The motion was made on February 11, 2025, [DE 145] more than two years after the final consent judgment in this case was issued on September 6, 2022, [DE 144]. This two-year delay has resulted in filing well past the deadlines of twenty-eight days set by Fed. R. Civ. P. 59, and one year set by Fed. R. Civ. P. 60.

The only grounds for relief that has not expired under Rule 60 is Rule 60(b)(6), which allows relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Fed. R. Civ. P. 60(b)(6) is "a catchall provision" that "should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)]." *West v. Carpenter,* 790 F.3d 693, 696-97 (6th Cir. 2015); *Olle v. Henry & Wright Corp.*,

4

910 F.2d 357, 365 (6th Cir. 1990) (quotation marks and citation omitted). "Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original). The Plaintiffs do not make any unique arguments under Fed. R. Civ. P. 60(b)(6), and despite the problematic and disingenuous behavior Lindsay Entertainment appears to have engaged in to avoid judgment, none of the issues raised by the Plaintiffs rise to the level of "exceptional or extraordinary circumstances" required by Fed. R. Civ. P. 60(b)(6).

That is not to say that the actions of Lindsay Entertainment are proper, as they are at best highly suspect, or that the Plaintiffs cannot take some other action to collect on their judgment. The timing of Godfather Entertainment's formation on March 3, 2016, a mere twenty-two days after the complaint was filed, strongly indicates impropriety on the part of Lindsey Entertainment. [DE 147 at 1027]. It also appears as though Godfather Entertainment has advertised and operated the Godfather in a way indistinguishable from Lindsey Entertainment and continues to advertise that it is the same Godfather "established in 1975." [DE 148 at 1042]. The Court also takes issue with the statements made by Lindsey Entertainment in their response, such as "[t]he fact is that neither Godfather I nor II were ever going to be in position to fund this judgment," and that the settlement they agree to was "a judgment it could never fund." [DE 147 at 1025-26]. These statements strongly indicate, if not outright admit, that Lindsay Entertainment negotiated in bad faith and agreed to a settlement they had no intention of paying. The Court is unaware of the steps taken by the Plaintiffs to enforce their judgment but remedies available in regard to execution of the judgment may be available, such as further discovery under Rule 69 to unveil a significant

relationship or intermingling between Lindsey Entertainment and Godfather Entertainment,[1] bordering on sham corporation status or fraudulent transfer or other actions under Rule 64 or 70.

Although the actions of Lindsay Entertainment and the newly formed Godfather Entertainment are problematic and could rise to the level of fraud or newly discovered evidence needed to alter the judgment under Rule 59 or 60, the Plaintiffs have filed too late for this Court to address her motion to amend. The Court's hands are tied on this matter and Tassy and class members must find an alternative avenue to recover from Lindsay Entertainment, or Godfather Entertainment.

## IV.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that Plaintiffs' Motion to Amend [DE 145] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

April 23, 2025

---

[1] Federal Rule of Civil Procedure 69 provides a mechanism for compelling judgment debtors to produce documents and respond to discovery requests made by judgment creditors. A judgment creditor may "obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located" in aid of the judgment. Fed. R. Civ. P. 69(a)(2). Under the Federal Rules of Civil Procedure, a party must respond to a discovery request within 30-days of its date of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2). If a party fails to respond, the Court may issue an order compelling a discovery response. See Fed. R. Civ. P. 37(a)(3).